IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES O'BRIEN,

    Plaintiff,

vs.                                                                      CASE NO.: 5:04cv228-SPM/EMT

UNITED STATES, et al.,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court upon the Magistrate Judge's report and recommendation (doc. 14) dated June 25, 2005. Plaintiff was furnished a copy and has filed objections (doc. 18) and a supplement thereto (doc. 19), which the Court accepts as timely filed. Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation is correct and should be adopted by the Court.

On the issue of Plaintiff's exhaustion of administrative remedies for his claims concerning his disciplinary action, the United States Court of Appeals, Eleventh Circuit, has recently held that the Prison Litigation Reform Act's exhaustion requirement contains a procedural default component. Johnson v. Meadows, No. 03-15636, 2005 WL 1718602, at *6 (11th Cir. July 26, 2005). Plaintiff procedurally defaulted on his disciplinary action claims because his grievance appeal to the BOP Central Office was untimely. Plaintiff has not shown that the BOP erred in rejecting his grievance appeal given the arguments

that he presented to the Central Office to show that the untimeliness was not his fault.

On the issue of Plaintiff's medical treatment claims against Associate Warden Willingham, Plaintiff relies on his complaint filed on August 16, 2002 (one day after he suffered injuries) to show that Willingham was on notice that Plaintiff was dissatisfied with the medical treatment Plaintiff was receiving. The filing of a complaint alone, however, does not satisfy the standard for imposing liability upon Willingham for failing to take supervisory action to ensure Plaintiff was receiving proper medical treatment. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D. Mich. 1989); see also, Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (standard for holding supervisor liable for acts of subordinates is extremely rigorous). Furthermore, no reasonable inference can be drawn from Plaintiff's allegations that Willingham personally participated in providing Plaintiff with inadequate medical treatment. Nor is there any indication of a widespread problem or custom or policy upon which culpability on the part of Willingham can be inferred. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Plaintiff's motion to supplement (19) is granted.

2. The Magistrate Judge's report and recommendation (doc. 14) is adopted and incorporated by reference into this order.

3. Plaintiff's claims concerning the disciplinary action taken against him (Incident Report #1019675) are dismissed and Defendant G.E. McBride is

dismissed from this action.

4.  Plaintiff's claims against the United States of America, Bureau of Prisons, Warden Henry, and Associate Warden Willingham are dismissed and these defendants are dismissed from this action.

5.  This case is referred to the magistrate judge for further proceedings.

DONE AND ORDERED this 26th day of August, 2005.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge