IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES O'BRIEN,
    Plaintiff,

vs.   Case No. 5:04cv228/SPM/EMT

MR. SEAY, et al.,
    Defendants.
_____/

## **ORDER**

This cause is before the court upon Plaintiff's "Motion Requesting the Courts [sic] Assistance in Obtaining Affidavits From Inmate Witnesses" (Doc. 91) and Defendants' Response thereto (Doc. 97), as well as Plaintiff's Motion for Enlargement of Time to Reply to Defendants' Response to Plaintiff's Motion for Assistance (Doc. 98), Plaintiff's Motion for Leave to Reply to Defendant's Response to Plaintiff's Motion for Assistance (Doc. 100), and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Assistance (Doc. 101).

Plaintiff previously filed a "Motion for Permission to Obtain Discovery and Affidavits From Inmate Witnesses (Doc. 67). In his motion, Plaintiff requested that the court order Defendants to identify certain inmates witnesses, provide him with their locations, and arrange telephone conferences or writing privileges with the inmate witnesses (*id.* at 1-2). The court construed Plaintiff's request as a motion to propound interrogatories regarding the names and current locations of the inmates, and granted the motion to that extent (Doc. 71). Regarding Plaintiff's request for telephone conferences or writing privileges, the court allowed Defendants to file a response (*id.* at 1). In their response, Defendants explained that the Bureau of Prisons has procedures in place for one inmate to correspond with another when the inmates are parties or witnesses to the same legal action (Doc. 77). Defendants also informed Plaintiff that of the eight inmates he described, they were unable to identify two inmates, and five inmates had been released from federal custody *(id.*

at 2-3). Defendants provided the name, register number, and location of one inmate (*id.* at 3). Accordingly, the court denied Plaintiff's request for an order instructing the Bureau of Prisons to arrange telephone conferences or writing privileges and instructed Plaintiff to use the procedure provided by 28 C.F.R. § 540.17 to communicate with other inmates regarding the litigation (*id.* at 2).

On May 3, 2006, Plaintiff filed a motion for clarification stating that he had sent interrogatories to Defendants and attempted to file the interrogatories with the court, but the clerk returned the interrogatories he had attempted to file (Doc. 82). Plaintiff requested clarification of the court's previous order and permission to re-file the interrogatories (*id.*). The court granted Plaintiff's motion to the extent that he was advised he was to provide the interrogatories to Defendants' counsel and was not to file the interrogatories with the court (Doc. 83).

In Plaintiff's instant motion requesting the court's assistance in obtaining affidavits from inmate witnesses, Plaintiff states he requires the court's assistance because Defendants did not respond to his interrogatories within thirty days (Doc. 91 at 1). Plaintiff further states that he provided his unit manager with requests for the names and locations of inmate witnesses, but has received no response (*id.* at 4). Defendants responded, stating that they have now provided responses to Plaintiff's interrogatories (Docs. 95, 97). Defendants further argue that Plaintiff has "attempted to sidestep the discovery process to obtain the addresses of purported inmate witnesses by trying to obtain this information from his unit manager" (Doc. 97). Plaintiff filed a reply to Defendants' response stating that he "has followed the Court's advise [sic] that he should use the procedure provided by 28 C.F.R. § 540.17 to communicate with other inmates" (Doc. 101 at 2).

Plaintiff is incorrect in his statement that he has followed the court's advice. Instead of requesting that his unit manager allow him to communicate with other inmates as instructed by the court, Plaintiff requested the names and locations of the inmates directly from his unit manager (*see* Docs. 91, 101). Nevertheless, Plaintiff now has the names and locations of two inmates (*see* Doc. 101 at 3) and should use the procedure provided by 28 C.F.R. § 540.17 to communicate with them.

Accordingly, it is **ORDERED**:

Case No: 5:04cv228/SPM/EMT

1. Plaintiff's motion for the court's assistance in obtaining affidavits from inmate witnesses (Doc. 91) is **DENIED**.  Plaintiff should use the procedure provided by 28 C.F.R. § 540.17 to communicate with those inmates Defendants have identified and provided addresses.

2. Plaintiff's motion for an enlargement of time (Doc. 98) is **DENIED as moot**.

3. Plaintiff's motion to file a reply (Doc. 100) is **GRANTED** to the extent that the court will accept and consider the reply filed by Plaintiff (Doc. 101).

**DONE AND ORDERED** this 24th day of July 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**