IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES O'BRIEN,
    Plaintiff,

vs.                                    Case No. 5:04cv228/SPM/EMT

MR. SEAY, et al.,
    Defendants.
_____/

**ORDER**

This cause is before the court upon Plaintiff's "Motion for Order Compelling Disclosure of Inmate Names and Current Locations" (Doc. 102), and Defendants' response thereto (Doc. 109).

I.    Background

Plaintiff previously filed a "Motion for Permission to Obtain Discovery and Affidavits From Inmate Witnesses (Doc. 67). In his motion, Plaintiff requested that the court order Defendants to identify certain inmates witnesses, provide him with their locations, and arrange telephone conferences or writing privileges with the inmate witnesses (*id.* at 1-2). The court construed Plaintiff's request as a motion to propound interrogatories regarding the names and current locations of the inmates, and granted the motion to that extent (Doc. 71). Regarding Plaintiff's request for telephone conferences or writing privileges, the court directed that Defendants respond to Plaintiff's request (*id.* at 1). In their response, Defendants explained that the Bureau of Prisons (BOP) has procedures in place for one inmate to correspond with another when the inmates are parties or witnesses to the same legal action (Doc. 77). Defendants also informed Plaintiff that of the eight inmates he described, they were unable to identify two inmates, and five inmates had been released from federal custody *(id.* at 2-3). Defendants provided the name, register number, and location of one inmate (*id.* at 3). Accordingly, the court denied Plaintiff's request for an order instructing the BOP to arrange telephone conferences or writing privileges and instructed Plaintiff to use the

procedure provided by 28 C.F.R. § 540.17 to communicate with other inmates regarding the litigation (Doc. 79 at 2).

On or about May 3, 2006, Plaintiff filed a motion for clarification stating that he had sent interrogatories to Defendants and attempted to file the interrogatories with the court, but the clerk returned the interrogatories he attempted to file (Doc. 82).  Plaintiff requested clarification of the court's previous order and permission to re-file the interrogatories (*id.*).  The court granted Plaintiff's motion to the extent that he was advised he was to provide the interrogatories to Defendants' counsel and was not to file the interrogatories with the court (Doc. 83).

On or about June 19, 2006, Plaintiff filed a "Motion Requesting the Courts [sic] Assistance in Obtaining Affidavits From Inmate Witnesses," stating he required the court's assistance because Defendants did not respond to his interrogatories within thirty days (Doc. 91).  Plaintiff further stated that he provided his unit manager with requests for the names and locations of inmate witnesses, but received no response (*id.* at 4).  Defendants responded, stating that they provided responses to Plaintiff's interrogatories, which included the names and current locations of two inmates (Docs. 95, 97; *see also* Doc. 101).  Defendants further asserted that Plaintiff had "attempted to sidestep the discovery process to obtain the addresses of purported inmate witnesses by trying to obtain this information from his unit manager" (Doc. 97).  Plaintiff filed a reply to Defendants' response, stating that he "ha[d] followed the Court's advise [sic] that he should use the procedure provided by 28 C.F.R. § 540.17 to communicate with other inmates" (Doc. 101 at 2).

The court informed Plaintiff that he was incorrect in his statement that he had followed the court's advice (Doc. 106).  Instead of requesting that his unit manager allow him to communicate with other inmates as instructed by the court, Plaintiff had requested the names and locations of the inmates directly from his unit manager (*see* Docs. 91, 101).  Accordingly, the court ordered Plaintiff to use the procedure provided by 28 C.F.R. § 540.17 to communicate with the two inmates for which he was provided names and locations (Doc. 106).

In Plaintiff's instant motion, Plaintiff requests that the court order Defendants to identify the names and current locations of two inmates and/or former inmates, "Red" and "Ron," and provide the current locations of five former inmates that he identified by name and register number (Doc. 102 at 1-2).  Plaintiff asserts that Defendants have lied to him and to the court in their interrogatory

responses and that the responses are insufficient. (Doc. 102 at 3-4). According to Plaintiff, because Defendants were able to identify some inmates from the information he provided, the BOP should be able to identify the remaining inmates as well (*id.* at 2-4). Finally, Plaintiff asserts that addresses of the former inmates are not protected by the Privacy Act, 5 U.S.C. § 552a (Doc. 102 at 4-5).

Defendants responded, explaining they were able to identify one inmate, Harold Cartwright, because Plaintiff had provided Defendant with his last name (Doc. 109 at 2, Ex. A at 2). Defendants further explained that the BOP database is accessed through the use of federal register numbers, which can be determined from an inmate's "committed name" (*id.* at 2, Ex. A at 1-2). According to Defendants, an inmate cannot generally be identified by nickname, cell assignment, bed assignment or work assignment, without also having the committed name and/or register number (*id.* at 2-4, Ex. A at 2-3). Defendants also outlined the efforts they expended in attempting to identify "Red" and "Ron" (*id.* at 2-4, Ex. A at 2-4). Finally, Defendant asserts that the addresses of the former inmates are indeed protected by the Privacy and Freedom Acts of Information (*id.* at 4-6, Ex. A at 4).

II. Analysis

District courts are given extremely broad discretion in controlling discovery. Crawford-El v. Britton, 523 U.S. 574, 598, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)). The court may limit discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In the instant case, Defendants have represented to the court that they have already expended significant efforts in an attempt to identify "Ron" and "Red" (Doc. 109 at 2-4, Ex. A at 3-4). Defendants conducted a computer search for all inmates with a last name or known nickname that sounds like "Red," and the search revealed a total of 8,045 current and former inmates (*id.*, Ex. A at 3). Defendants represent that Plaintiff has not provided any other specific searchable criteria, thus, Defendants cannot narrow the list of possibilities (*id.*). Defendants also conducted a computer search for "Ron," which revealed more than 150 current and former inmates with the first name of "Ron" or some derivative thereof (*id.*). According to Defendants, they could "conceivably" conduct

an individualized search of each of these inmates; however, this presupposes that the inmate in question used his first name, not his middle name or a nickname (*id.*, Ex. A at 3-4).  Additionally, Defendants assert that they would require more than six additional hours to conduct this search (*id.*).

After careful consideration, this court concludes that Defendants have made reasonable efforts to locate the two inmates and, further, that requiring Defendants to search any further would impose an unreasonable burden upon them.  Additionally, as Defendants point out, Plaintiff has indicated that all of the witnesses will attest to the same set of facts, thus, affidavits from the two witnesses Defendants have identified should be sufficient (*see* Doc. 109 at 6).  Therefore, the court will deny Plaintiff's motion to compel Defendants to provide the two inmates' names and locations.

Regarding Plaintiff's request to obtain information concerning former BOP inmates, Plaintiff's request shall be denied.  Records or information compiled for law enforcement purposes are exempt from disclosure to the extent that such records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b).  Ordinarily, determining whether disclosure works a clearly unwarranted invasion of privacy requires a balancing test under which courts identify the privacy interest at stake and weigh it against the public interest in disclosure. Heights Cmty. Cong. v. Veterans Admin., 732 F.2d 526, 529 (6th Cir. 1984). "The central inquiry is whether public access to the information is tantamount to an invasion of privacy; if so, the court should ask whether such an invasion is justified by any countervailing public benefit from disclosure." *Id.*  However, regarding the instant issue, the Supreme Court has made it clear that a privacy interest exists with respect to such information as names, addresses, and other identifying information even where such information is already publicly available. United States Dep't of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 500, 114 S. Ct. 1006, 127 L. Ed. 2d 325 (1994).  Various lower courts agree that there is no public interest outweighing an individual's privacy interest in their home address and telephone number.  *See* Paul P. v. Farmer, 227 F.3d 98, 101 (3d Cir. 2000); Judicial Watch of Florida v. United States Dep't of Justice, 102 F. Supp.2d 6, 17 (D.D.C. 2000).

Here, Plaintiff requests the "current locations" of former inmates in order to obtain affidavits from them (Doc. 102).  As stated above, the former inmates have a privacy interest in their addresses.  Additionally, Plaintiff has identified no public interest in disclosure of the information.

Although Plaintiff has a personal interest in obtaining the information to support claims made in his civil rights complaint, as previously noted, Plaintiff already has the identity and location of two witnesses who will attest to the same information as the former inmates. Thus, the former inmate's privacy interests outweigh Plaintiff's interest in the disclosure.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for an order compelling disclosure of inmate names and locations (Doc. 102) is **DENIED**.

2. As the parties were previously advised (*see* Doc. 81), pursuant to Rule 56 of the Federal Rules of Civil Procedure, the special report (Doc. 47) should be treated as a motion for summary judgment, and Plaintiff's response in opposition (Doc. 76) should be treated as a response thereto.

3. The court hereby extends the "submission date" from May 30, 2006 to September 29, 2006. Thus, on or at any time after **SEPTEMBER 29, 2006**, the court shall consider the motion for summary judgment and may resolve the motion and this case without an evidentiary hearing.[1]

4. On or before the submission date, Plaintiff may, but is not required to, file a further response to the motion for summary judgment.[2] Plaintiff should be careful to ensure that the initial response, if any, and any further response comply with the provisions of Rule 56(e) of the Federal Rules of Civil Procedure. He may not rest upon the mere allegations or denials of his pleadings, but must, by affidavits or as otherwise provided for in this Rule, set forth specific facts showing that there is a genuine issue for trial. Plaintiff is reminded that failure to follow the requirements of Rule 56 in opposing a motion for summary judgment may result in the motion being granted and final judgment being entered in favor of the moving party(ies) without there being an evidentiary hearing or trial.

5. On or before the submission date, Defendants may submit additional Rule 56

---

[1] This submission is without oral argument. If the court determines that oral argument on the motion is required, a date for the argument will be scheduled later.

[2] Plaintiff's previously filed opposition to the special report will be considered as Plaintiff's response to the motion for summary judgment. Plaintiff therefore shall not resubmit any materials (affidavits, documents, or arguments) previously filed.

Case No: 5:04cv228/SPM/EMT

materials.[3]

      6.      Any documents or evidence filed after the submission date will not be considered by the court barring exceptional circumstances.

      7.      The clerk shall return this file to the undersigned's chambers on **SEPTEMBER 29, 2006.**

      **DONE AND ORDERED** this 31st day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Defendants shall not resubmit any materials (affidavits, documents, or arguments) previously filed as part of the special report.

Case No: 5:04cv228/SPM/EMT