IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES O'BRIEN,

        Plaintiff,

vs.                                      CASE NO.: 5:04cv228-SPM/EMT

JOHN SEAY, et al.,

        Defendants.

_____/

## **ORDER**

        THIS CAUSE comes before the Court upon the Magistrate Judge's report and recommendation (doc. 114) dated October 17, 2006. Plaintiff was furnished a copy and has filed objections (doc. 119). Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation is correct and should be adopted by the Court.

        This case arises from an altercation Plaintiff had with his cellmate, Delvis Eason, on August 15, 2002 at the Federal Correctional Institution in Marianna, Florida. Plaintiff claims that the defendant prison officials failed to protect him from Eason, failed to provide adequate medical treatment after the attack, and violated Plaintiff's due process rights by failing to file his formal grievances with the warden (form BP-9). Plaintiff's complaint contained another claim regarding

the disciplinary action taken against him.  That claim was dismissed for failure to exhaust administrative remedies (see docs. 14, 21, 25, 37, and 73).

In his objections, Plaintiff contends that the magistrate judge erred in recommending summary judgment because of disputed facts.  Disputed facts, however, will not preclude summary judgment unless the disputed facts are material to the outcome of the case.  Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).   In this case, there are no material facts in dispute.

Plaintiff also complains that the magistrate judge failed to draw all inferences in the light most favorable to him.  An inference based on speculation and conjecture, however, is not a reasonable inference that will defeat a motion for summary judgment.  Blackston v. Shook and Fletcher Insulation Co., 764 F.2d 1480, 1482 (11th Cir. 1985).  Moreover, contentions made without personal knowledge do not sustain genuine issues that will defeat summary judgment. Pace v. Capobianco, 283 F.3d 1275, 1278-79 (11th Cir. 2002).  Applying these principles to the instant case, the magistrate judge correctly determined that summary judgment should be granted in favor of Defendants.

I.      **DELIBERATE INDIFFERENCE**

    A.      **Remedies Not Exhausted**

The magistrate judge concluded that Plaintiff failed to exhaust his administrative remedies with respect to his claims that Defendants were deliberately indifferent to his substantial risk of serious harm from inmate Eason

and deliberately indifferent to his serious medical needs after he was injured by Eason. The exhaustion issue concerns whether Plaintiff properly resubmitted his BP-9 grievances.

Plaintiff asserts that on September 15, 2002, he submitted a BP-9 grievance concerning the denial of his requests to be separated from Eason. Plaintiff asserts that on September 18, 2002, as he was being transferred from FCI Marianna to USP Atlanta, he submitted another BP-9 concerning the lack of adequate medical treatment following the attack. Plaintiff received no response to either grievance.

On November 4, 2002, Plaintiff wrote to the Administrative Coordinator to check on the status of his grievances. He attached carbon copies of the text he had typed on the BP-9 forms. Iris Bashford, the warden's secretary, responded to Plaintiff on November 25, 2002, and informed him that the warden had not received his BP-9s. See doc. 76-2, pp. 23-25. FCI Marianna has no record of either BP-9 and denies that they were filed. Plaintiff speculates that the grievances disappeared or were lost.

After receiving Ms. Bashford's letter, Plaintiff proceeded to the next step of the grievance process by filing two BP-10 grievances with the regional office. The regional office instructed Plaintiff to file BP-9 grievances before filing BP-10 grievances. Instead of refiling his BP-9 grievances, however, Plaintiff filed two BP-11 grievances with the central office. The BP-11s were rejected because

Plaintiff had not filed BP-9 grievances.  See doc. 6-2, pp. 7-11 26-31.

Plaintiff should have refiled his BP-9 grievances after Bashford informed him that the warden's office had not received his original BP-9s or after his BP-10s were rejected.  Plaintiff did not.

Plaintiff relies on his November 4, 2002 letter as a resubmission of his BP-9s.  The problem, however, is that while Plaintiff may have intended his November 4, 2002 letter as a resubmission of his BP-9s, it was not treated as such.  As noted in the magistrate judge's report and recommendation at page 12, the November 4, 2002 letter was not on the correct form and was not sent to the warden through the institution staff member designated to receive grievances.  Although these matters may seem trivial, "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378, 2386 (2006).

Moreover, when Plaintiff proceeded to the BP-10 regional grievance level, he was advised that his grievance was rejected because he did not complete the BP-9 warden level review.  Plaintiff was advised that he needed to file a BP-9. Plaintiff did not do so at that time; instead he proceeded to the next level of review.

A prisoner seeking to exhaust remedies must comply with applicable procedures.  Id.; Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002) (finding that where grievance submitted to warden was allegedly lost or misfiled and inmate

did not refile with the warden as instructed by the director, inmate had not exhausted his remedies and was not entitled to file in federal court); Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005) (failure to follow procedure offered for reconsideration of grievance constitutes failure to exhaust administrative remedies); see also Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005) (Prison Litigation Reform Act's exhaustion requirement contains a procedural default component).  Because Plaintiff did not complete the BP-9 level of review, the magistrate judge correctly determined that Plaintiff did not properly exhaust his administrative remedies.

### B.     Alternative Ruling

Even if Plaintiff were deemed to have exhausted his administrative remedies, the magistrate judge concluded that Defendants were still entitled to summary judgment on Plaintiff's claims of deliberate indifference to his safety and serious medical needs.  The magistrate judge's ruling was correct.

#### 1.     safety

With regard to Plaintiff's claim that Defendants failed to protect him from inmate Eason, the standard for liability requires a showing that Defendants disregarded an excessive risk to Plaintiff's safety by keeping Plaintiff and Eason in the same cell.  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  In support of this claim, Plaintiff states that he told Defendant Runyon that he had serious problems with Eason and that Eason had previously threatened Plaintiff.

Defendant Runyon eventually offered to place Plaintiff in a 6 to 8 man cell[1] if Plaintiff wanted to be separated from Eason. Plaintiff did not accept Runyon's offer, which would have separated Plaintiff and Eason.

Later, Plaintiff asked Defendant Hall for a cell change. Defendant Hall told Plaintiff that only Defendant Runyon could make cell changes. Several days later, Plaintiff asked Defendant Hall for a cell change again. This time he informed Defendant Hall that Eason had a knife and had broken into Plaintiff's locker. Defendant Hall took Plaintiff to see the unit manager, Defendant Castro. Defendant Castro advised Plaintiff that he would move Plaintiff the next day. When Plaintiff returned to his cell, Eason attacked him (but not with a knife).

In hindsight, it is clear that the Defendants should have acted more quickly to separate Plaintiff and Eason. Based on the information available to Defendants at the time, however, no reasonably jury could find Defendants liable for recklessly disregarding an excessive risk to Plaintiff's safety.

The standard for liability is high. Plaintiff must show that the risk of attack was substantial, as opposed to just possible. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Plaintiff must also show that Defendants were in fact aware of the risk. Farmer, 511 U.S. at 837 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of

---

[1] Plaintiff refers to the cell as a "fish bowl." Complaint at p. 3.

punishment."). Moreover, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

In concluding that Plaintiff did not have sufficient facts upon which a jury could find for Plaintiff on this claim, the magistrate judge noted that the prison had no record of a bad history between Plaintiff and Eason. Furthermore, Plaintiff did not request protective custody and Plaintiff did not accept Defendant Runyon's offer to move to a 6 to 8 man cell, which would have effectively moved Plaintiff away from Eason. The magistrate judge noted, moreover, that when Plaintiff advised Defendant Casto that Eason had a knife, Defendant Castro set into motion the actions needed to separate Plaintiff and Eason. Given the undisputed material facts and the high standard for liability, the magistrate judge correctly concluded that Defendants were entitled to summary judgment on this claim.

### 2. serious medical needs

With regard to Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs, Plaintiff's chief complaint is that he suffered pain to his neck and back as a result of his altercation with Eason. Plaintiff contends that he was not treated in a timely manner and that he was not given effective pain medication.

Failing to treat an prisoner's pain can support a claim of deliberate

indifference.  McElligot v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999).   In this case, however, as summarized in the magistrate judge's report and recommendation (doc. 114, pp. 3-5, 20-21), Plaintiff received treatment on numerous occasions.  From an objective standpoint, the treatment was not so deficient to Plaintiff's medical needs so as to constitute deliberate indifference.

"[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation."  Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1999).  "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations."  Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). Ordinarily, the "failure to administer stronger medication" is a "medical judgment" that is not an appropriate basis for imposing liability.  Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995)

To succeed on a deliberate indifference claim, a plaintiff must show that that his medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).  In this case, Plaintiff's description of his medical need and the treatment provided simply will not support a jury finding of deliberate indifference.  The magistrate judge correctly concluded that Defendants were entitled to summary judgment on this claim.

**II.   DUE PROCESS**

Plaintiff's due process claim is based on the alleged failure of prison officials to file his BP-9 grievances. Plaintiff does not have a constitutionally protected interest in the grievance procedure so as to implicate a liberty or property interest for which due process applies. See Baker v. Rexroad, No. 04-16594, 2005 WL 2673512, 159 Fed. Appx. 61 (11th Cir. 2005). Plaintiff, furthermore, had an opportunity to resubmit his BP-9 grievances, which would have provided a sufficient remedy so as to preclude an actionable due process claim. McKinney v. Pate, 20 F.3d 1550, 1557, 1562- (11th Cir. 1994) (no actionable procedural due process claim for an unauthorized act if a sufficient remedy exists). Accordingly, the magistrate judge properly concluded that Defendants were entitled to summary judgment on this claim.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.   The Magistrate Judge's report and recommendation (doc. 114) is adopted and incorporated by reference into this order.

2.   Defendants' motion for summary judgment (47) is granted.

3.   The clerk shall enter judgment accordingly.

DONE AND ORDERED this 12th day of March, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 5:04cv228-SPM/EMT